Anthony L. Hall, Esq.
Nevada Bar No. 5977
R. Calder Huntington, Esq.
Nevada Bar No. 11996
HOLLAND & HART LLP
9555 Hillwood Drive, Second Floor
Las Vegas, Nevada 89134
 (702) 669-4600 - phone
 (702) 669-4650 – fax
ahall@hollandhart.com
rchuntington@hollandhart.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WILLIE THURMOND and DAVID THOMAS, Individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PRESIDENTIAL LIMOUSINE, PRESIDENTIAL LIMOUSINE, a Nevada corporation, and PRESIDENTIAL LIMOUSINE CONCIERGE SERVICE, INC., and BRENT J. BELL,<br><br>Defendants. | CASE NO.:<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT** |

Defendants PRESIDENTIAL LIMOUSINE, PRESIDENTIAL LIMOUSINE, a Nevada corporation, PRESIDENTIAL LIMOUSINE CONCIERGE SERVICE, INC. and BRENT BELL (hereinafter collectively referred to as the "Defendants") hereby give notice that the above action is removed from the Eighth Judicial District Court, State of Nevada, Clark County, in which Court said cause is now pending, to the United States District Court for the District of Nevada. In support thereof, Defendants state as follows:

1.  On April 22, 2015, an action was commenced against Defendants, Case No.: A-15-717388-C, Dept. XXV, in the Eighth Judicial District Court, in the County of Clark, State of Nevada.

7749934_1

2. A copy of the Complaint is attached hereto as **Exhibit "A"**.

3. On May 21, 2015, the Summons and Complaint were served on Defendants. A copy of the Summonses are attached hereto as **Exhibit "B"**.

4. Exhibits A and B constitute all process, pleadings, and orders served upon Defendants or filed in this action to date.

5. The Complaint alleges three (3) causes of action: (1) violation of Article 15, Section 16, of the Nevada Constitution; (2) violation of the Fair Labor Standards Act, 29 U.S.C. §§ 206 and 207 and 29 C.F.R. § 531.35; and (3) violation of Nevada Revised Statutes § 608.020 or § 608.030, pursuant to Nevada Revised Statutes § 608.040.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1441.

7. Upon information and belief, Plaintiff WILLIE THURMOND ("Thurmond") is a Nevada resident. *See* Exhibit A at ¶1.

8. Upon information and belief, Plaintiff DAVID THOMAS ("Thomas") is a Nevada resident. *See* Exhibit A at ¶2.

9. Defendant PRESIDENTIAL LIMOUSINE, is a corporation alleged to be duly organized and existing under the laws of Nevada with its principal place of business in Nevada ("PL"). *See* Exhibit A at ¶ 3.

10. Defendant PRESIDENTIAL LIMOUSINE, a Nevada corporation, is a corporation duly organized and existing under the laws of Nevada with its principal place of business in Nevada ("PLC"). *See* Exhibit A at ¶ 4.

11. (It appears that Plaintiffs have alleged that PL and PLC are two separate corporations when they are, in fact, one and the same. However, this is not relevant for the purposes of removal.)

12. Defendant PRESIDENTIAL LIMOUSINE CONCIERGE SERVICE, INC., is a corporation duly organized and existing under the laws of Nevada with its principal place of business in Nevada ("PLCS"). *See* Exhibit A at ¶ 5.

13. Defendant BRENT J. BELL is alleged to be, at all times relevant herein, an officer

7749934_1

for Defendants PL, PLC, and PLCS. *See* Exhibit A at ¶ 6.

14. There are no other named defendants to join herein or who are required to consent to this removal. *See generally*, Exhibit A.

15. The Complaint alleges damages for the named Plaintiffs Thurmond and Thomas, and for similarly situated putative plaintiff class members in an amount equal to unpaid minimum wages and overtime compensation, "kick back" payments, liquidated damages, up to thirty (30) days waiting time penalties, plus interest, costs, and attorneys' fees. *See* Exhibit A at ¶¶ 33-34, 38, 43. In addition, the Complaint seeks all other relief available under the Nevada Constitution, allegedly including injunctive and equitable relief. *Id.* at ¶ 33-34.

16. This Notice of Removal is timely filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of a pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b). Defendants were served with the Complaint on May 21, 2015. *See* Exhibit B.

17. Additionally, removal is timely because it was removed less than one year after the case was commenced in the state court, in accordance with 28 U.S.C. § 1446(c)(1).

18. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the District of Nevada is the federal judicial district embracing the Eighth Judicial District Court of the State of Nevada where the state court action was originally filed.

WHEREFORE, Defendants give Notice of Removal of this cause from the Eighth Judicial District Court, State of Nevada, Clark County, to this Court.

DATED this ___ day of June, 2015.

Anthony L. Hall, Esq.
R. Calder Huntington. Esq.
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
*Attorneys for Defendants*

7749934_1

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of June, 2015, I served a true and correct copy of the foregoing **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT** addressed as follows:

Leon Greenberg, Esq.
Dana Sniegocki, Esq.
LEON GREENBERG PROFESSIONAL CORPORATION
2965 South Jones Blvd., Suite E3
Las Vegas, Nevada 89146

and

Richard Segerblom, Esq.
Law Office of Richard Segerblom, Ltd.
700 S. 3rd Street
Las Vegas, Nevada 89101

*Attorneys for Plaintiffs*

 **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Las Vegas, Nevada, in the ordinary course of business.

☐ **BY ELECTRONIC SERVICE:** I served a true copy, with all exhibits, electronically on designated recipients via electronic transmission of said document(s) as provided under Federal Rules of Civil Procedure.

☐ **PERSONAL SERVICE:** I served by hand delivery a true and correct copy of the document described herein.

_____
An Employee of HOLLAND & HART LLP

Page 4 of 4

7749934_1