Anthony L. Hall, Esq.
Nevada Bar No. 5977
R. Calder Huntington, Esq.
Nevada Bar No. 11996
HOLLAND & HART LLP
9555 Hillwood Drive, Second Floor
Las Vegas, Nevada 89134
(702) 669-4600 - phone
(702) 669-4650 – fax
ahall@hollandhart.com
rchuntington@hollandhart.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WILLIE THURMOND and DAVID THOMAS, Individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>PRESIDENTIAL LIMOUSINE, PRESIDENTIAL LIMOUSINE, a Nevada corporation, and PRESIDENTIAL LIMOUSINE CONCIERGE SERVICE, INC., and BRENT J. BELL,<br><br>    Defendants. | CASE NO.: 2:15-cv-01066-MMD-PAL<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>**AND**<br><br>**OPPOSITION TO MOTION TO SERVE AMENDED COMPLAINT** |

Defendants PRESIDENTIAL LIMOUSINE, PRESIDENTIAL LIMOUSINE, a Nevada corporation, PRESIDENTIAL LIMOUSINE CONCIERGE SERVICE, INC. and BRENT BELL (collectively, "Defendants" or "Presidential") hereby submit this Reply in support of their Motion to Dismiss and Opposition to Plaintiffs' Motion to Serve Amended Complaint.

DATED this 31st day of July, 2015.

/s/ R. Calder Huntington
Anthony L. Hall, Esq.
R. Calder Huntington. Esq.
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
*Attorneys for Defendants*

HOLLAND & HART LLP
9555 Hillwood Drive, Second Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

**HOLLAND & HART LLP**
9555 Hillwood Drive, Second Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.      Introduction

In their Opposition, Plaintiffs fail to provide any argument to contradict a number of Defendants' requests and arguments and fail to sufficiently dispute Defendants' other arguments with relevant analysis and case law. As to the requests that Plaintiffs entirely fail to address, they should simply be granted pursuant to the local rules of practice. As to the other requests and arguments, Plaintiffs fail to explain why this Court should not exercise the discretion granted to it by Nevada case law to refuse to apply a new judicial decision retroactively because Presidential Limousine was a party to a prior case which was recently overturned. Thus, the Court should exercise its discretion and not apply this change in the law or new law retroactively to Presidential Limousine. Nonetheless, if the Court chooses to do so, Plaintiffs have utterly failed to present any legitimate argument why NRS 608.260 does not provide the relevant statute of limitations for minimum wage claims. Rather, Plaintiffs simply complain about the analysis provided by other courts so holding. This is insufficient and the Court should apply the statute of limitations found in NRS 608.260, which the Nevada Supreme Court has tacitly found has not been repealed, to limit Plaintiffs' state law claims to two years. Finally, though addressed out of order below, Plaintiffs have not supported their request to amend their complaint with sufficient factual allegations such that the amendment would not be futile. As such, this request should be denied.

### II.      Legal Argument

#### A.      Plaintiff's FLSA Claims Must Be Limited to the Three-Year Statutory Period

In their Motion, Defendants explained that the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., contains two limitations periods: a two-year limitations period for non-willful violations and a three-year period for willful violations. 29 U.S.C. § 255(a). Defendants also explained that in paragraph 20 of their Complaint, Plaintiffs state "[p]ursuant to Section 16(b) of the Fair Labor Standards Act" Plaintiffs bring this action on behalf of a "putative class of limousine drivers employed by the defendants in the State of Nevada from January 2, 2011 until entry of judgment ...." However, three years prior to the filing of this Complaint, the longest limitations

period available, is April 22, 2012, not January 2, 2011. Thus, all FLSA claims asserted between the period of January 2, 2011, and April 22, 2012, must be dismissed. Plaintiffs failed to address this argument in their Opposition, and thus have consented to these claims being dismissed. Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion.")

     **B.**    **Plaintiffs' Kick-Back Allegations Must Be Dismissed**

In their Motion, Defendants also explained how Plaintiffs did not provide any factual support for their "kick back" allegations, but rather the "unadorned, the-defendant-unlawfully-harmed-me" type accusations prohibited by *Iqbal* and *Twombly*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In their Opposition, Plaintiffs entirely fail to mention, much less substantively address, the kick back issue. As such, Plaintiffs have consented to those allegations being dismissed. Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion.")

     **C.**    **Presidential Limousine Concierge Service, Inc. and One of the Two Presidential Limousines Must Be Dismissed**

Plaintiffs contend that they have adequately alleged that Presidential Limousine Concierge Service, Inc. ("Presidential Concierge") is or was their employer. This is false. Presidential Limousine ("Presidential Limousine") is a Nevada corporation doing business in the state of Nevada. *See* Mot., Exhibit 4. Presidential Concierge is a separate company that also does business in Nevada. *See* Mot. Exhibit 3. This is not complicated: the two are separate companies and Plaintiffs do not allege otherwise in their Complaint. *See* Dkt. #1, Notice of Removal, Exhibit A, Compl. ("Complaint" or "Compl."). Rather than actually provide factual allegations attempting to show that they were employed by Presidential Concierge, Plaintiffs simply make broad statements and lump Presidential Concierge in with Presidential Limousine. *See* Compl., ¶¶ 5, 6, 8, and 9. Plaintiffs make no specific factual allegations that they were employed or did work for Presidential Concierge. As such, Plaintiffs claims against Presidential Concierge fail the test of *Iqbal* and

HOLLAND & HART LLP
9555 Hillwood Drive, Second Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

*Twombly*. *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to rise above the speculative level."); *Iqbal*, 556 U.S. at 678 (explaining that a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."). Without plausible and non-speculative allegations made specifically against Presidential Concierge, Plaintiffs' allegations against Presidential Concierge must be dismissed.

Similarly, Plaintiffs named Presidential Limousine twice without explanation: once as Presidential Limousine and once as Presidential Limousine, a Nevada corporation. *See generally*, Compl. There is no difference here and Plaintiffs failed to present one in their Opposition. As such, Plaintiffs have consented to this aspect of the Motion being granted. Local Rule 7-2(d). Thus, one of the two named Presidential Limousine's must be dismissed from this case.[1]

Plaintiffs also make the baseless allegation that Presidential Limousine's name is unlawful because it does not include "Inc." or "Corp." or a similar corporate designation in its name. This just shows Plaintiffs' willingness to speak without knowledge. Pursuant to NRS 78.035 a corporate designation is only required to be part of a corporation's name if that name appears "to be that of a natural person and containing a given name or initials …." Presidential Limousine is not the name of a natural person to Defendants' knowledge, and thus does not require a corporate designation in its name. NRS 78.035. Thus, Plaintiffs are simply wrong.

### D.   Plaintiffs' Motion to Amend Should Be Denied

#### 1.   Standard for Amendment

Under Rule 15 of the Federal Rules of Civil Procedure, the court should grant leave to amend "when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting Fed. R. Civ. P. 15(a)). Nonetheless, courts may deny leave to amend if it will cause: (1)

---

[1]  Failure to dismiss the additionally named Presidential Limousine could lead to Plaintiffs contending they get additional and unwarranted interrogatories that would all be served on the same entity, additional 30(b)(6) depositions, and other problematic discovery problems. Thus, dismissal of the additionally named Presidential Limousine is not merely a technical matter.

HOLLAND & HART LLP
9555 Hillwood Drive, Second Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

HOLLAND & HART LLP
9555 Hillwood Drive, Second Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ◆ Fax: (702) 669-4650

undue delay; (2) undue prejudice to the opposing party; (3) if the request is made in bad faith; (4) if the party has repeatedly failed to cure deficiencies; or (5) if the amendment would be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). A proposed amendment is futile if it would not survive a motion to dismiss. *See Farina v. Compuware Corp.*, 256 F.Supp.2d 1033, 1061 (D. Ariz. 2003) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). Under this standard, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Ashcroft*, 556 U.S. at 679. When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 555. Where an amendment to a complaint would be dismissed, amendment would be futile and should be denied. *Farina*, 256 F.Supp.2d at 1061.

### 2. Plaintiffs Fail to Meet the Lax Standard for Amendment

Rather than admit that they have no claim and no allegations against Presidential Concierge (or reason to name Presidential Limousine twice), Plaintiffs double down on naming random and non-existent entities by seeking to amend their Complaint to add Bell Transportation as an additional named defendant. Plaintiffs four-line "motion" to amend is devoid of law or analysis. *See* Opp. at 4. Rather, Plaintiffs contend, that they have a good basis to believe that Bell Trans is a component of the Presidential Limousine business because one of the two named Plaintiffs (not both) once did work for Bell Transportation. Opp., Exhibit B. However, Plaintiffs fail to provide any factual support for actual claims against Bell Transportation. Opp. at 4 and Exhibit C(Plaintiffs' proposed first amended complaint ("Proposed FAC")). In the Proposed FAC, Plaintiffs do not allege facts supporting an inference that Bell Trans was a joint employer with Presidential Limousine or, other than the one document that is solely applicable to William Thurmond, even factual allegations supporting an employment relationship with Bell Transportation, much less facts that would establish that the proposed claim is similarly situated. *See* Opp. at 4 and Exhibits B and C. In their Complaint, Plaintiffs alleged that "during the two week pay period of December 14, 2014 through December 27, 2014" and "during the two week period of December 29, 2013 through

HOLLAND & HART LLP
9555 Hillwood Drive, Second Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ◆ Fax: (702) 669-4650

January 11, 2014", Presidential failed to pay them minimum wage and overtime. Compl., ¶ 20. In the Proposed FAC, Plaintiffs fail to provide similar allegations against Bell Transportation and also fail to provide such allegations against Presidential Concierge. *See generally*, Opp. Exhibit C. Notably, the specific weeks Plaintiffs allege Presidential violated the FLSA does not include the date covered by Plaintiffs' Exhibit B (December 19, 2013), making that allegation inapplicable to Bell Transportation. Rather, Plaintiffs simply add the name "Bell Transportation" to a few paragraphs of their Proposed FAC and lump Bell Transportation in as a generic "defendant" en masse without providing any specific allegations against it. *See* Opp. Exhibit C, ¶¶ 7, 9, 10 (none of which provide facts supporting a claim against Bell Transportation). Plaintiff could similarly do this with Wal-Mart, the United States government, or any *and every* other potential employer that exists. Doing so would not, however, state a claim against them. Thus, here too, Plaintiffs' attempt to simply lump Bell Transportation into this action without providing *any* factual support for their claims. Thus, their Motion to Amend should be denied. If Plaintiffs wish to add Bell Transportation to this action, they must be required to actually plead facts demonstrating joint employment with Presidential Limousine or facts separately stating a claim against Bell Transportation. *See Farina*, 256 F.Supp.2d at 1061.

### E.   *Yellow Cab* Should Not Be Applied Retroactively

#### 1.   The *Breithaupt* and *Passarello* Decisions Demonstrate that *Yellow Cab* Should Not Be Applied Retroactively to Presidential Limousine

Plaintiffs entirely misapprehend the Nevada Supreme Court's discussion and holding in *Breithaupt v. USAA Prop. & Cas. Ins. Co.*, 867 P.2d 402 (Nev. 1994) and how it applies to these circumstances with *Lucas v. Bell Trans*, 2009 WL 2424557 (D. Nev. June 24, 2009) being implicitly overruled by *Thomas v. Nev. Yellow Cab Corp.*, 327 P.3d 518 (Nev. 2014) ("*Yellow Cab*"). Plaintiffs contend that *Breithaupt* only concerned whether amendments to a specific statute governed conduct prior to the enactment of those amendments. Opp. at 8. This is false. *See Breithaupt*, 867 P.2d at 403-04. Rather, in *Breithaupt*, the Court was concerned with both the statute *and caselaw* as it stood prior to the 1990 amendments. *Id.* In *Breithaupt*, the version of NRS

HOLLAND & HART LLP
9555 Hillwood Drive, Second Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

687B.145(2) in effect in 1988 required insurance companies to offer uninsured motorist coverage to their policy holders in the same amount as the bodily injury coverage the policy holder held. *Id.* at 404. In 1987, the Supreme Court issued its decision in *Quinlan v. Mid Century Ins.*, 741 P.2d 822 (Nev. 1987), interpreting the term "must offer" in NRS 687B.145(2) as meaning more than simply to make available, but to provide notice of availability. *Breithaupt*, 867 P.2d at 404. The Court then addressed the argument that later legislative action demonstrated that *Quinlan* had been wrongly decided in 1987. *Id.* at 405. The Court rejected the plaintiff's argument that *Quinlan* had been wrongly decided, but went on to state that even if it had been wrongly decided, it would then have to determine whether a judicial overruling of *Quinlan* would be applied retroactively to the defendant's post-*Quinlan*, pre-statutory amendment conduct. *Id.* at 405-06. The Court then explained the standard for determining whether a judicial decision announcing a new rule of law should be applied retroactively and explained that "[t]he overruling of a judicial construction of a statute generally will not be given retroactive effect." *Id*. The Court also explained that what the plaintiff was requesting was essentially to have the court apply the post-amendment version of NRS 687B.145(2) to a pre-amendment period through judicially overruling a prior holding, but that doing so would be inappropriate. *Id.* at 406 ("Thus, even if *Quinlan* were wrongly decided, we would not give retroactive effect to its [judicial] overruling.") Given the actual discussion in *Breithaupt*, Plaintiffs' representation of *Breithaupt* is substantially flawed and should be disregarded by this Court. Rather, the Court should examine the analysis Defendants provided in their Motion and determine whether retroactive application of *Yellow Cab* is warranted under these circumstances and the standard announced in *Breithaupt*:

> In determining whether a new rule of law should be limited to prospective application, courts have considered three factors: (1) "the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed;" (2) the court must "weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation;" and (3) courts consider whether retroactive application "could produce substantial inequitable results."

*Breithaupt*, 867 P.2d at 405.

HOLLAND & HART LLP
9555 Hillwood Drive, Second Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

Similarly, Plaintiffs' attempt to distinguish *Passarello v. Grumbine*, 87 A.3d 285 (Pa. 2014) fails. In their opposition, Plaintiffs explain that *Pasarello* involved the overturning of prior judicially created rules of law. So too in *Yellow Cab*. While *Yellow Cab* interpreted the Minimum Wage Amendment in the Nevada Constitution, it did so after other courts had issued final rulings, binding on the parties thereto, such as *Lucas*. Thus, it did overturn a judicially created rule applicable to Presidential Limousine in that *Lucas* interpreted the Minimum Wage Amendment as not repealing the exemptions to overtime in NRS 608.250. As such, *Passarello*, just like *Breithaupt*, is directly on point and allows this Court to exercise its discretion in determining whether *Yellow Cab* should be applied retroactively to Defendants.

## 2. The *Breithaupt* Factors Show That *Yellow Cab* Should Not Be Applied Retroactively *to Presidential Limousine*

Interestingly, while Plaintiffs attempt to wax eloquent regarding principles of *stare decisis* and the common law and present arguments regarding the retroactive application of statutes (a topic completely irrelevant here) rather than judicial decisions, they utterly fail to address the factors discussed by *Breithaupt* and *Pasarello* other than equity. *See*, Opp. at 4-9. Plaintiffs brief attempts to confuse the pertinent issue with these arguments and soliloquies. The Court's focus, rather, should be on the circumstances of this case, the facts at hand (which are public record), and the *Breithaupt* standard.

### a) Retroactive Application of *Yellow Cab* Would Produce Inequitable Results Here

As discussed in Presidential's Motion, Presidential Limousine and Bell Trans were defendants in the *Lucas v. Bell Trans* case, wherein Judge Jones expressly approved of Presidential's then-existing policy of not paying state minimum wage to limousine drivers because they were exempt under Nevada law. *See* Mot. Section II and Section IV(B). Plaintiffs contend that the true inequity would be if this Court were not to apply *Yellow Cab* retroactively—though Plaintiffs' discussion is entirely conclusory. Plaintiffs, in essence, argue that Presidential somehow acted inequitably by settling the *Lucas* case and paying the plaintiffs rather than taking it through

trial, at which point Judge Jones' decision regarding the NRS 608.250 exemption may have been appealed. The *Lucas* plaintiffs obviously disagreed when they agreed to the settlement—they did not have to do so. Plaintiffs' argument that Presidential Limousine and Bell Trans somehow did inequity by opposing interlocutory review and then settling the case is not even coherent, much less persuasive. The fact is that *Lucas* held that the NRS 608.250 exemption from minimum wage for taxicab and limousine drivers remained in full force and effect and that Presidential Limousine was entitled to and did rely on this binding judicial decision. Plaintiffs have not presented any reason why Presidential should not have done so. To retroactively deny Presidential Limousine the benefit of this decision that was binding as to it as a party would be unjust and inequitable.

### b) *Yellow Cab* Established a New Rule of Law by Overruling Clear Past Precedent on which Litigants Relied

Plaintiffs contend that that after a diligent search they could find no reported cases of a "future conduct only" ruling regarding conduct taking place after the passage of a newly enacted constitutional provision or statute without realizing that they had actually cited such cases. As Plaintiffs themselves explain, in *Linkletter*, the United States Supreme Court "declined to grant retroactive effect to its decision in *Mapp v. Ohio*, 367 U.S. 643 (1961)". Opp. at 7 (citing *Linkletter v. Walker*, 381 U.S. 618 (1965)). Plaintiffs argue that *Mapp* involved "new *judicially created rights* …." *Id.* However, what *Mapp* actually did, was overrule prior judicial construction of the Fourth Amendment and the Fourteenth Amendment well after their passage. *Linkletter*, 381 U.S. at 619. Thus, what Defendants ask of this Court is akin to what was asked of the *Linkletter* Court. Here, *Lucas* interpreted and construed the Minimum Wage Amendment as not impliedly repealing the exemptions from Nevada minimum wage in NRS 608.250 just as courts had previously interpreted the Fourteenth Amendment as not requiring states to exclude evidence seized in violation of the Fourth Amendment. *See Linkletter* 381 U.S. at 619. Here, *Yellow Cab* changed the law and abrogated the *Lucas* holding, just as *Mapp* overruled the decision in *Wolf v. People of State of Colorado*, 228 U.S. 25 (1949) and other cases. *Id.* Thus, *Linkletter* is exactly what Plaintiffs

HOLLAND & HART LLP
9555 Hillwood Drive, Second Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

**HOLLAND & HART LLP**
9555 Hillwood Drive, Second Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

1   contend they cannot find because *Mapp* was a change in the judicial interpretation of a
2   constitutional amendment.

3         Further, Plaintiffs protest that Defendants had notice of the language of the Minimum Wage
4   Amendment and ignored it at their peril. Presidential did not ignore the language of the Minimum
5   Wage Amendment, it relied on a then-binding judicial decision that the Minimum Wage
6   Amendment had not repealed NRS 608.250. Other than feigning shock and disgust, Plaintiffs do not
7   explain how acting in reliance on the *Lucas* case was an act of disregard for the Minimum Wage
8   Amendment. Further, Plaintiffs fail to explain how *Yellow Cab* does not act as a new rule of law or
9   the overruling of clear, applicable, and binding case law—*Lucas*. *See generally*, Opp. A decision
10  announces a new rule of law if it *overrules prior law*, *expresses a fundamental break from*
11  *precedent* that litigants *may have relied on*, or *decides an issue of first impression not clearly*
12  *foreshadowed by precedent*." *Passarello*, 87 A.3d at 308 (emphasis added) (citing *Fiore v. White*,
13  757 A.2d 842, 847 (Pa. 2000)). *Yellow Cab* does exactly this: it overrules prior law, it expresses a
14  break with law litigants may have relied on, and it decided an issue of first impression at the
15  Nevada Supreme Court level which was hotly contested within the Supreme Court as demonstrated
16  by it being a 4-3 decision with a strong dissent. *See generally*, *Yellow Cab*, 327 P.3d 518. Thus, this
17  factor weighs strongly against retroactive application to Presidential.

18        **c)**    **Retrospective Application of *Yellow Cab* Would Not Further Its**
19            **Operation**

20        Finally, Plaintiff has utterly failed to show how retrospective operation of *Yellow Cab* would
21  further its operation. Here, Presidential modified its pay practices almost immediately after the
22  *Yellow Cab* decision was issued. Limousine drivers are being paid state minimum wage without
23  application of the federal tip credit. Thus, *Yellow Cab* has been effective and retrospective
24  application of the decision will do nothing more. As such, this factor too weighs against retroactive
25  application of *Yellow Cab*.

26

27

28

HOLLAND & HART LLP
9555 Hillwood Drive, Second Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

### d) The Fact that Other Courts Have Granted Retroactive Effect to Yellow Cab Is Irrelevant Here

Plaintiffs contend that both the district court in *Yellow Cab* and the Ninth Circuit have rejected the argument that *Yellow Cab* is prospective only and that this Court should follow those decisions. However, as thoroughly described in Presidential's Motion, Defendants are not arguing generally that *Yellow Cab* is not retroactive. They only argue that analysis and application of the *Breithaupt* factors demonstrate that *Yellow Cab* should not be applied retroactively as to Presidential (or, for that matter, Bell Trans) because the *Lucas* decision was binding on it. Thus, other decisions rejecting a retroactivity argument are immaterial here unless they were decided on similar facts. None of the cases to which Plaintiffs point were. As the *Breithaupt* factors weigh in favor of non-retroactive application of *Yellow Cab* as to Presidential, the Court should dismiss Plaintiffs' state law claims.

### F. Plaintiffs' State Law Claims Must Be Limited to the Two-Year Statute of Limitations

If the Court chooses not to dismiss Plaintiffs' state law claims, Plaintiffs' state law claims should be limited to the applicable two-year statutory period provided in NRS 608.260. Without citation, Plaintiffs assert that the Nevada Supreme Court "has conclusively determined" that the statute of limitations for a claim arising under the Nevada Constitution "must be at least four years." Opp. at 10. The Nevada Supreme Court has done no such thing, demonstrated by Plaintiffs' failure to cite where the Supreme Court made this supposed ruling. Here, as explained in Presidential's Motion, Plaintiffs seek "a judgment against the defendants for minimum wages owed since January 2, 2011[2] ..." Given that Plaintiffs' Complaint was filed on April 22, 2015, in the Eighth Judicial District Court for the State of Nevada, Plaintiffs are seeking to assert claims going back

---

[2] The effective date of the settlement between Presidential and its limousine driver employees in *Lucas v. Bell Trans. See*, Mot. Exhibit 1, Dkt. #260, Plaintiffs' Unopposed Motion for Settlement Approval (including copy of settlement agreement).

approximately four years and four months. Notwithstanding this request, Plaintiffs contend that the proper statute of limitations in this case is Nevada's four-year, catchall statute of limitations set forth in NRS 11.220, somewhat shortening the request in their Complaint which they tacitly admit finds no support in the law. However, the proper statute of limitations for a minimum wage claim remains NRS 608.260—which was unaffected by the Supreme Court's decision in *Yellow Cab. See Terry v. Sapphire Gentlemen's Club*, 336 P.3d 951, 955 (Nev. 2014) (explaining that the *Yellow Cab* decision had only supplanted Nevada's statutory minimum wage laws "to some extent" and allowing a non-Minimum Wage Amendment claim for minimum wages to proceed, impliedly holding that NRS 608.260 had not been repealed: "the performers do not raise their right to minimum wage under the Minimum Wage Amendment"[3]). As such, Plaintiffs state law claims must be limited to April 22, 2013, two years prior to the filing of this action.

## 1.    The Two-Year Statute of Limitations Period Set Forth in NRS 608.260 Continues to Apply

The analysis of whether the two-year statute of limitation provided by NRS 608.260 applies here requires an analysis of the plain language of the Minimum Wage Amendment. *See Yellow Cab*, 327 P.3d at 522; *see also, Strickland v. Waymire*, 235 P.3d 605, 608 (Nev. 2013) ("When a constitutional provision's language is clear on its face, we will not go beyond that language in determining the voters' intent") (quoting *Secretary of State v. Burk*, 188 P.3d 1112, 1120 (Nev. 2008)); *We the People Nevada v. Secretary of State*, 192 P.3d 1166, 1170 (2008) ("Constitutional interpretation utilizes the same rules as statutory interpretation"). In interpreting the plain text of the Minimum Wage Amendment, the Court must pursue the goal of determining the "public understanding of a legal text." *Strickland*, 235 P.3d at 608 (quotation omitted). Accordingly, the

---

[3] Had NRS 608.260 been impliedly repealed, there would have been no other basis other than the constitution to assert a minimum wage claim. Thus, for the *Sapphire* plaintiffs' minimum wage claims to have survived, they must have been based on NRS 608.260, meaning it continues in full force and effect.

HOLLAND & HART LLP
9555 Hillwood Drive, Second Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

HOLLAND & HART LLP
9555 Hillwood Drive, Second Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

words and phrases used in the Minimum Wage Amendment must be interpreted in their normal and ordinary meaning and how they would be used under normal circumstances. *See id.* (citation omitted). Further, courts must construe statutes, "so as to be in harmony with the constitution" if reasonably possible and the "presumption is against implied repeal unless the enactment conflicts with existing law to the extent that both *cannot logically coexist.*" *Yellow Cab*, 327 P.3d at 521 (emphasis added, citations omitted). As such, the Minimum Wage Amendment impliedly repealed a statute, or subpart thereof, only if the statute is "irreconcilably repugnant" to and conflicts with the Minimum Wage Amendment to the extent that "both cannot logistically coexist." *Id.* Here, NRS 608.260 does not conflict with the Minimum Wage Amendment, but is contemplated and incorporated by its text.

The Minimum Wage Amendment provides, in part: "An employee … may bring an action … and shall be entitled to ***all remedies available under the law or in equity appropriate*** to remedy any violation of this section …." Nev. Const. Article 15, Section 16(B) (emphasis added.) Plaintiffs choose to ignore this constitutional language in their Opposition, something the Nevada Supreme Court and constitutional and statutory interpretation do not allow. *See Albios v. Horizon Cmtys., Inc.*, 132 P.3d 1022, 1028 (Nev. 2006) ("[W]e construe statutes such that no part of the statute is rendered nugatory or turned to mere surplusage."). Here, it is obvious that the Minimum Wage Amendment appropriates the available and appropriate remedy already provided for by Nevada law: NRS 608.260, including its two-year statute of limitations period. *See Sapphire*, 336 P.3d at 955 (explaining that the *Yellow Cab* decision had only supplanted the statutory minimum wage scheme "to some extent" and allowing a non-Minimum Wage Amendment claim for minimum wages to proceed, impliedly holding that NRS 608.260 had not been repealed). Plaintiffs cannot and do not even try to dispute the logic of Defendants' arguments on this point. Plaintiffs merely complain that certain court decisions on this point are analytically lacking. However, Plaintiffs'

stone throwing at the decisions by other courts[4] does not alleviate them of the duty to explain the constitution's reference to "all remedies available under the law or in equity appropriate to remedy any violation of this section" in a way that does not render them nugatory if this Court is not to apply their plain meaning. Nev. Const. Article 15, Section 16(B); *Albios*, 132 P.3d at 1028. As Plaintiffs have utterly failed to explain why NRS 608.260, with its accompanying limitations period, is the available and appropriate remedy expressly contemplated by the Minimum Wage Amendment, this Court must apply the limitations period in NRS 608.260, limiting Plaintiffs' state law claims to two years.

### 2. Plaintiffs' Case Law Analysis Is Incomplete, Irrelevant, and Incorrect and, in Fact, Demonstrates that the Most Analogous Statute of Limitations Applies to Constitutional Claims

Plaintiffs cite various cases claiming that constitutional claims are limited to no less than a state's catchall statute of limitations period. This is incorrect, as shown by the cases upon which Plaintiffs rely.

#### a) White Pine Lumber and Alper

In *White Pine Lumber Co. v. City of Reno*, 821 P.2d 1370 (Nev. 1990), the Nevada Supreme Court was faced with the question of what limitations period should apply to a constitutional takings claim. Plaintiffs admit that the *White Pine* Court considered and rejected using Nevada's catchall limitations period, but contend that the reason was that a constitutional takings claim should not result in a shorter limitations period than for a private takings (adverse possession) claim. Opp. at 10. This is false. Rather, the *White Pine* Court reasoned that a "landowner's right of

---

[4] Defendants need not analyze the qualities of each decision by a district court going one way or the other on this issue. Some are well-reasoned and some are cursory, on both sides of the issue. However, the decisions Plaintiffs rely on and contend this court should follow entirely fail to address the constitutional language only allowing for "remedies available under the law or in equity appropriate to remedy any violation of this section …" Nev. Const. Article 15, Section 16(B). In failing to do so, they render constitutional language nugatory, expressly contrary to law. *Albios*, 132 P.3d at 1028; *see also* Mot. Exhibit 9; Opp. Exhibit J; and *Sheffer v. US Airways, Inc.*, ___ F.Supp.3d ___, 2015 WL 3458192 (D. Nev. June 1, 2015).

HOLLAND & HART LLP
9555 Hillwood Drive, Second Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

recovery grows out of his title to the land, and thus the landowner should have a right to bring the action until he has lost title to land by virtue of adverse possession." *White Pine* 821 P.2d at 1371 (citing *Frustick v. City of Fairfax*, 212 Cap.App.2d 345, 374, 28 Cal.Rptr. 357, 374-75 (Cal. Ct. App. 1963)). Further, the *White Pine* Court reasoned that "because 'takings' claims are of a constitutional magnitude, these claims cannot be cut off by the passage of time short of the government's *acquiring title through adverse possession*." *Id.* (emphasis added, citing *Ackerman v. Port of Seattle*, 55 Wash.2d 400, 348 P.2d 664, 667 (1960)). Thus, the critical line the *White Pine* Court drew was what the constitutional claim related too, in that case, adverse possession of real property. Here, the constitutional claim relates to minimum wage, for which the legislature has provided an express two-year statute of limitations in NRS 608.260, negating application of the catchall limitations period.

Plaintiff also contends that the Nevada Supreme Court approved the use of NRS 11.220's four-year limitations period to claims arising under Nevada Constitution. *See Alper v. Clark County*, 571 P.2d 810, 813 (1977). It did no such thing. *Id.* The *Alper* Court merely recited the respondents arguments and proceeded to ignore them as irrelevant under the facts at issue in this case. *Id.* Thus, *Alper* is irrelevant here as it did not decide any statute of limitations issue or even provide relevant commentary. *See id.*

### b)    Plaintiffs' "Analogous" Cases

Plaintiffs supposed "analogous" cases do not support their arguments, but Defendants'. For example, *Ho v. University of Texas*, 984 S.W.2d 672, 687 (Tex. Ct. App. 1998) expressly supports Defendants' position, not Plaintiffs. Specifically, the *Ho* Court explained: "A court must look to the substance of the pleadings to characterize the nature of his grievance [in determining the appropriate statute of limitations], not its nomenclature. If, *after characterizing the plaintiff's action*, there is no corresponding action expressly listed within the statute, then the residual four-

HOLLAND & HART LLP
9555 Hillwood Drive, Second Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

year statute of limitations applies." *Id.* at 686 (emphasis added, internal citations omitted). The *Ho* Court then explained: "Ho's constitutional claims *are not analogous to any of those listed* in the one and two-year limitations statutes." *Id.* at 687 (emphasis added).[5] Thus, *because there was no analogous statute of limitations to apply*, the *Ho* Court concluded that the catchall limitations applied. *Id.* Here, NRS 608.260 has not been impliedly repealed, *see Sapphire*, 336 P.3d at 955, and provides an analogous statute of limitations for minimum wage claims if not an express statute of limitations on Minimum Wage Amendment claims by incorporation. Thus, this Court must apply the NRS 608.260 two-year statute of limitations.

Similarly, in *Linder v. Kindig*, 826 N.W.2d 868 (Neb. 2013), the plaintiff's claim was based on a city using either a "general property tax levy or sales tax revenues drawn from municipal general funds" rather than what plaintiff contended was the appropriate funding mechanism for a particular action. *Id.* at 873. The *Linder* Court then explained that on the face of the complaint, it could not determine when the cause of action accrued for purposes of a statute of limitations defense. *Id.* at 874. Thus, while it agreed with the district court that the catchall limitations period "*potentially applie[d]*," it made no actual decision on that issue because it was unnecessary at that time. *Id.* Thus, Plaintiffs' citation to *Linder* as applying a catchall limitations is false. *See id.* The court did not decide that issue and *Linder* provides Plaintiffs no support. *Id.*

Plaintiffs two other cited cases are similar. In *Pauk v. Board of Trustees of City Univ. of N.Y.*, 119 Misc.2d 663, 464 N.Y.S.2d 953 (N.Y. Sup. Ct. 1983)[6] *aff'd as modified by* 111 A.D.2d 17, *aff'd by* 68 N.Y.2d 702 (N.Y. Ct. App. 1986), the trial court explained that the "rule in New York is that [the] essence or gravamen of the cause of action determines the applicable Statute of Limitations," not the title of the claim. The Court then determined that the essence of the claim

---

[5] Plaintiffs' description of this case is entirely inaccurate and misleading as demonstrated by this quoted language. The *Ho* Court expressly did not require an express statute of limitations, but an analogous one, just as Presidential contended in its Motion.

[6] The Court may recall that the New York Supreme Court is New York's trial level court.

HOLLAND & HART LLP
9555 Hillwood Drive, Second Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

HOLLAND & HART LLP
9555 Hillwood Drive, Second Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

required application of the four-year catchall provision without substantive analysis and the subsequent appellate decisions did not address the issue further. *Id.* at 670. Finally, in *Marshall v. Kleppe*, 637 F.2d 1217 (9th Cir. 1980) *abrogated by Wilson v. Garcia*, 471 U.S. 261 (1985), the Ninth Circuit did not simply decide that the catchall statute of limitations applied to constitutional claims, but  that it was the most appropriate statute of limitations under the facts of that case. *Id.* at 1223-24.

Thus, as described above, none of Plaintiffs cited cases support their position that this Court should apply the four-year catchall statute of limitations *in this case*. None of those decisions dealt with a  situation where there was a distinct statute of limitations clearly applying to similar statutory claims and then forewent application of that statute of limitations in favor of the catchall limitations period to a constitutional claim. Here, Plaintiffs are asking the Court do exactly that: ignore a directly on point, or at least  analogous, statute of limitations in favor of a generic catchall provision. The Court should rather apply the on point/analogous statutory limitations period found in NRS 608.260. Even if the Court were to decide that NRS 608.260 is not entirely on point due to NRS 608.250 being partially repealed pursuant to *Yellow Cab*, it is still the most analogous, and thus applicable, statute of limitations. *Ho*, 984 S.W.2d at 686-87.

### 3.     A Statute of Limitations Can Limit a Constitutional Claim

Plaintiffs make an additional argument that makes no sense in the context of their opposition and general argument. In arguing that NRS 608.260 cannot apply to Plaintiffs' claim, Plaintiffs assert that *Yellow Cab* held that Nevada statutes cannot "limit the 'rights and privileges protected by Nevada's Constitution.'" Opp. at 11. In essence, what they are arguing, but cannot bring themselves to say, is that Nevada law cannot limit a claim brought under the Minimum Wage Amendment. However, this is clearly not true as Plaintiffs seek to apply the catchall statute of limitations rather than no limitations period at all. If it were true that Nevada statutes could not limit a constitutional claim, then no statute of limitations would apply, which not even Plaintiffs can argue with a straight face. *See, e.g.*, *Ho*, 984 S.W.2d at 686 ("Even though Ho's claims take on a constitutional posture, they are still subject to being time-barred. … This is true because statutes of limitation bar the

remedy and not the right, and therefore, constitutional rights may be subjected to those time limitations *imposed by statute*.) (emphasis added, citing *Chase v. Securities Corp. v. Donaldson*, 325 U.S. 305, (1945)). Thus, here, if the legislature can limit Plaintiffs' "constitutional" claim via the catchall statute of limitations, the legislature can also limit Plaintiffs' "constitutional" claim via NRS 608.260 regardless of whether it can exclude people from the right to minimum wage—the actual issue in *Yellow Cab*.[7] As such, the Legislature today could amend NRS 608.260 to limit minimum wage claims to any period it sees fit. However, it has left NRS 608.260 alone since the passage of the Minimum Wage Amendment, demonstrating an intent that the two-year limitations period remain.

### 4.   Other Court Decisions Demonstrate that a Stay Is Warranted

In their Motion, Defendants explained that the majority of courts to decide this statute of limitations issue had held that the two-year limitations period set forth in NRS 608.260 continues to apply to minimum wage claims. Since the filing of Defendants' Motion, multiple other Courts have weighed in on this issue and courts continue to do so.[8] Some of these new decisions have determined that the two-year statute of limitations in NRS 608.260 continues to apply to minimum wage claims, *Franklin v. Russel Road Food and Beverage, LLC*, **Exhibit 1**, others have determined that the four-year catchall limitations period applies, *Perera v. Western Cab Co.*, Opp. Exhibit J, and one decided that a three-year statute of limitations applies, *Sheffer v. US Airways, Inc.*, ___ F.Supp.3d ___, 2015 WL 3458192 (D. Nev. June 1, 2015) (motion to reconsider denied and further analysis provided at 2015 WL 4276239).[9] While Plaintiff argues about the quality of the various

---

[7] *Yellow Cab* answered this question in the negative. The legislature lacks the power to exclude individuals from the right to minimum wage who are expressly covered by the Minimum Wage Amendment.

[8] Defendants cannot and do not claim to be aware of every court or decision to address this issue.

[9] Plaintiffs provided an incorrect citation for *Sheffer*, which was technically decided a little before Defendants filed their Motion. Defendants were unaware of the decision at that time. Further, while plaintiffs complain that Judge Jones did not explain why the four-year catchall limitations did not apply, he explained his reasons for holding that the three-year limitations period for actions arising under a statute did. Namely, Judge Jones explained that the four-year catchall provision is for ...(cont'd)

HOLLAND & HART LLP
9555 Hillwood Drive, Second Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

courts' analyses (the best analysis is provided by Judge Joanna Kishner in *Fanklin*, Exhibit 1), what these decisions actually show is that this is a novel issue of state law that can be decided in at least three different ways. Given the novel state law issue at play here and how it will affect the discovery in this case, the Court should stay this case (an idea Defendants offered in their Motion and to which Plaintiffs did not object).

The Nevada Supreme Court has taken up the statute of limitations issue and will issue a binding decision regarding what statute of limitations applies to state law minimum wage claims in *Williams v. Eighth Jud. Dist. Court*, Supreme Court Case No. 66629.[10] Pending this decision, the Court may stay this case so as to avoid a conflicting decision with the Nevada Supreme Court on the statute of limitations issue.[11]

As to the remainder of Plaintiffs' arguments that NRS 608.260 is not the proper limitations period, Defendants rest on the arguments in their Motion, which explain at length how NRS 608.260 was not implicitly repealed by the Minimum Wage Amendment, is easily harmonized with the Minimum Wage Amendment, does not conflict with the Minimum Wage Amendment, and how application of any other limitations is absurd and creates due process problems. As stated therein, NRS 608.260 provides the appropriate limitations period and Plaintiffs have not contradicted this. Thus, any surviving state law claims must be limited accordingly.

---

(cont'd)

judicially-created, common law claims, and that the three-year statutory catchall is for claims created through the democratic process. 2015 WL 3458192, at *3. Judge Jones further explained this reasoning when he denied a motion for reconsideration. 2015 WL 4276239. Judge Jones explained that either the three-year or four-year catchall limitations periods might apply to constitutional claims, but that constitutional claims are more akin to statutory claims than common law claim. *Id.* at *2 (citing *Peles v. LaBounty*, 90 Cal.App.3d 431, 153 Cal.Rptr. 571 (Cal. Ct. App. 1979) ("The action is *founded upon constitutional rights* and upon regulations governing the California State University and Colleges enacted pursuant to statute …. Therefore the applicable statute of limitations is three years for actions based on a liability created by statute.") (emphasis added)).

[10] Docket available at http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=34828, last visited July 31, 2015.

[11] Plaintiffs' recitation of statistics regarding grants and denials of original proceedings (not just mandamus proceedings) is irrelevant. For example, Plaintiffs claim that 62.5% of original proceeding petitions that were resolved after an answer "were granted in whole or in part." Opp. at 18, n.4. The "whole or in part" tells the Court nothing of the degree to which these petitions were granted or denied. The only thing that matters is the merits of the legal argument presented to the Supreme Court, not what happens in random other cases.

HOLLAND & HART LLP
9555 Hillwood Drive, Second Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ◆ Fax: (702) 669-4650

**HOLLAND & HART LLP**
9555 Hillwood Drive, Second Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

**III.     Conclusion**

Plaintiffs failed to contest multiple of Defendants arguments in its Motion to Dismiss, thus, Plaintiffs have consented to the grant of the following requests: 1) Plaintiffs' FLSA claims must be limited to no more than three years; 2) Plaintiffs' kickback allegations must be dismissed (notably these have also been excluded by Magistrate Judge Leen from conditional certification); and 3) the second-named Presidential Limousine must be dismissed. Additionally, Plaintiffs have presented no specific allegations that they were ever employed by Presidential Limousine Concierge Services, thus it too should be dismissed. Further, this Court has discretion to not apply *Yellow Cab* retrospectively as against Presidential Limousine regardless of whether it should be applied retroactively to other litigants because of Presidential Limousine's participation in the *Lucas* case. The Court should exercise this discretion in an equitable manner and give binding effect to *Lucas* until it was overruled, dismissing any Minimum Wage Amendment claims from prior to the issuance of *Yellow Cab*. If the Court chooses to apply *Yellow Cab* retrospectively, it should apply the two-year limitations period set forth in NRS 608.260, which has not been repealed, implicitly or otherwise, and remains the applicable statute of limitations for minimum wage claims. Finally, Plaintiffs have provided no support for their request to name additional parties in a First Amended Complaint and their request to do so should be denied.

DATED this 31st day of July, 2015.

/s/ R. Calder Huntington
Anthony L. Hall, Esq.
R. Calder Huntington. Esq.
Holland & Hart llp
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
*Attorneys for Defendants*

1

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 31st day of July, 2015, I served a true and correct copy of the foregoing **REPLY IN SUPPORT OF MOTION TO DISMISS** and **OPPOSITION TO MOTION TO SERVE AMENDED COMPLAINT** by electronic transmission to the parties on electronic file and/or depositing same in the United States mail, first class postage fully prepaid to the persons and addresses listed below:

Leon Greenberg, Esq.
Dana Sniegocki, Esq.
Leon Greenberg Professional Corporation
2965 South Jones Blvd., Ste. E3
Las Vegas, Nevada 89146
leongreenberg@overtimelaw.com
dana@overtimelaw.com
*Attorneys for Plaintiffs*

Richard Segerblom, Esq.
Law Office of Richard Segerblom, Ltd.
700 S. 3rd St.
Las Vegas, Nevada 89101
rsegerblom@lvcoxmail.com
*Attorneys for Plaintiffs*

 /s/ Angela M. Rogan
An Employee of HOLLAND & HART LLP

7844335_1

HOLLAND & HART LLP
9555 Hillwood Drive, Second Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650