UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIE THURMOND and DAVID THOMAS, individually and on behalf of others similarly situated,<br><br>                      Plaintiffs,<br>  v.<br><br>PRESIDENTIAL LIMOUSINE, et al.,<br><br>                      Defendants. | Case No. 2:15-cv-01066-MMD-PAL<br><br>**ORDER**<br><br>(Mot. Circulation of Notice – Dkt. #10) |

This matter is before the Court on Plaintiffs Willie Thurmond and David Thomas' Motion for Circulation of Notice of the Pendency of this Action (Dkt. #10), filed June 12, 2015. This proceeding was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. The Court held a hearing on Plaintiffs' Motion on July 28, 2015. Counsel for Plaintiffs, Leon Greenburg, Esq., and counsel for Defendants, Anthony Hall, Esq., R. Calder Huntington, Esq., and Mark Trafton, Esq. appeared. The Court has considered the Motion, Response (Dkt. #22), filed July 13, 2015, Reply (Dkt. #26), filed July 23, 2015, and the arguments of counsel at the hearing.

**I.   BACKGROUND**

This is an action filed by two named Plaintiffs who allege Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for failing to pay limousine drivers minimum wage and overtime. Plaintiffs have also asserted state wage and hour claims. In the current Motion, Plaintiffs seek an order conditionally certifying and providing notice of pendency of an FLSA collective action consisting of a class of similarly situated limousine drivers who worked for the Defendants as limousine drivers, performed limousine services in the State of Nevada, who were not paid overtime for hours worked in excess of 40 hours per week, and or not paid minimum wage, and who were required to improperly share a portion of their tips

1

with Defendants and/or their managers and owners.  Plaintiffs ask that the Court order notice in the form attached as Exhibit "C" to their motion and that the court toll the statute of limitations for the period of time this motions is pending until Defendants provide the names and contact information for putative class members.

Defendants do not oppose conditional certification of a class of limousine drivers employed by Presidential Limousine alleged not to have been paid overtime.  They do oppose conditional certification of a minimum wage and tip sharing class.  Defendants ask that the Court defer conditional certification until after it decides whether a Rule 23 class should be certified on Plaintiffs' state claims.  Defendants also have numerous objections to the form of notice Plaintiffs propose and have asked for additional terms in the notice including advising potential opt-in plaintiffs that they may be liable for costs and may be required to participate in discovery. Defendants also ask for a shorter notification period and that the Court deny the request to toll the statute of limitations.

## II.    CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION

The FLSA regulates the minimum wages paid to workers.  *See* 29 U.S.C. §§ 206–207. Congress enacted the FLSA in 1938 with the principal purpose of protecting all covered workers from substandard wages and oppressive working hours and creating a uniform national policy of guaranteeing compensation for all work or employment covered by the legislation.  *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739–41 (1981).  The FLSA grants individual employees broad access to the courts and permits an action to recover minimum wages, overtime compensation, liquidated damages, or injunctive relief.  *Id*. at 740.

Under the FLSA, an employee may initiate a collective action on behalf of himself or herself and other similarly situated people.  29 U.S.C. § 216(b); *see also Gray v. Swanney-McDonald, Inc.*, 436 F.2d 652, 655 (9th Cir. 1971).  The FLSA does not require certification for § 216(b) collective actions; however, certification is "an effective case management tool, allowing the court to control the notice procedure, the definition of the class, the cut-off date for opting-in, and the orderly joinder of the parties." *Edwards v. City of Long Beach*, 467 F. Supp. 2d 986, 989 (C.D. Cal. 2006) (citing *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170–72

(1989)).  The clear weight of authority holds that the requirements for class action certification under Rule 23(a) of the Federal Rules of Civil Procedure do not apply to FLSA claims. *Wang v. Chinese Daily News, Inc.*, 623 F.3d 743, 761 (9th Cir. 2010); *McElmurry v. U.S. Bank Nat'l Ass'n*, 495 F.3d 1136, 1139 (9th Cir. 2007).

Although a plaintiff may bring an action on behalf of himself and others similarly situated, "no employee shall be a party to any such action unless he gives his consent in writing to become such a party and such consent is filed with the court in which such action is brought." 29 U.S.C. § 216(b).  This is commonly referred to as the FLSA's "opt-in" provision.  To create an opt-in class under § 216(b), the court must preliminarily determine whether the potential plaintiffs are "similarly situated." *Juvera v. Salcido*, 294 F.R.D. 516, 520 (D. Ariz. 2013) (citing *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001)).  A named plaintiff bears the burden of showing that putative collective action members are "similarly situated." *Tijero v. Aaron Bros., Inc.*, 301 F.R.D. 314, 323 (N.D. Cal. 2013); *Adams v. Inter–Con Sec. Sys.*, 242 F.R.D. 530, 535–36 (N.D. Cal. 2007).

The FLSA does not define the term "similarly situated," and the Ninth Circuit has not yet formulated a test for courts to determine whether putative class members are similarly situated. *Vasquez v. Coast Valley Roofing,* 670 F. Supp. 2d 1114, 1123 (E.D. Cal. 2009); *Kress v. Price Waterhouse Coopers, LLP*, 263 F.R.D. 623, 627 (E.D. Cal. 2009).  However, a number of courts, including this one, have adopted a two-step approach for determining whether potential plaintiffs are "similarly situated" for purposes of conditional class certification under § 216(b). *Harris v. Vector Mktg. Corp.*, 753 F. Supp. 2d 996, 1003 (N.D. Cal. 2010); *Kress*, 263 F.R.D. at 627 (noting that district courts in the Ninth Circuit predominantly use a two-tier approach to determine whether a group of employees is similarly situated).  This approach involves notification to potential class members of the representative action followed by a final "similarly situated" determination after discovery is completed.

At the first, or "notice stage," a court relies "primarily on the pleadings and any affidavits submitted by the parties," to decide whether a plaintiff should give potential class members notice of the action. *Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 466 (N.D. Cal.

3

1  2004).  A fairly lenient standard applies to the first stage and typically results in "conditional class certification" of a representative class.  *Id.* at 467.  This is because the court has minimal evidence to make its determination at the initial stage of a collective action case.  *Kress*, 263 F.R.D. at 628.  Named plaintiffs need only show that their positions are similar, but not identical to, the positions held by putative class members.  *Juvera*, 294 F.R.D. at 520 (citing *Hipp*, 252 F.3d at 1217–18).  The similarly situated requirement of § 216(b) "is more elastic and less stringent" than the joinder and severance requirements found in Rule 20 and Rule 42 respectively.  *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1095 (11th Cir. 1996).  Further, courts have generally held that the FLSA's "similarly situated" standard is not as stringent a standard as Rule 23(b)(3)'s "common questions predominate" standard.  *Harris*, 753 F. Supp. 2d at 1003 (citing *O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567, 584–85 (6th Cir. 2009) and *Grayson*, 79 F.3d at 1096).

Although courts have clearly held that a plaintiff's burden at the notice stage is light, unsupported assertions of widespread violations are not sufficient to meet this burden.  *Edwards*, 467 F. Supp.2d at 990.  A plaintiff is required to provide "substantial allegations, supported by declarations or discovery," that the putative class members were all victims of a single decision, policy or plan.  *Kress*, 263 F.R.D. at 627 (citing *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001)).  In sum, a named plaintiff is required to make a modest factual showing sufficient to demonstrate that he or she and other potential plaintiffs were victims of a common policy or plan that violated the law.  *Misra v. Decision One Mortg. Co., LLC*, 673 F. Supp. 2d 987, 993 (C.D. Cal. 2008).

Having reviewed and considered the moving and responsive papers and the arguments of counsel at the hearing, the Court finds Plaintiffs have met their threshold burden of establishing that they are similarly situated to a class of limousine drivers employed by Defendant Presidential Limousine for the three year period preceding the filing of this lawsuit who worked in Nevada and did not receive overtime pay for hours worked in excess of 40 hours per week.  Plaintiffs have not, however, met their burden of showing they are similarly situated to a proposed class of drivers who were not paid minimum wage and/or required to share a portion of

their tips with Defendants and/or their owners and managers. Plaintiffs have also not met their burden of showing that Presidential Limousine Concierge Service, Inc. or individual Brent J. Bell are liable for the asserted wage and hour violations.

**III.    EQUITABLE TOLLING OF THE FLSA'S STATUTE OF LIMITATIONS**

Individual plaintiffs in an FLSA collective action must file a valid consent to opt in within the applicable statute of limitations. 29 U.S.C § 256(b); *Partlow v. Jewish Orphans' Home of S. Cal., Inc.*, 645 F.2d 757, 760 (9th Cir. 1981), *abrogated on other grounds by Hoffmann-La Roche v. Sperling*, 493 U.S. 165 (1989). The statute of limitations for an FLSA violation is generally two years, but is extended to three years if the violation is willful. *See* 29 U.S.C. § 255(a). Willfulness can be shown with evidence that an " 'employer either knew or showed reckless disregard' " as to whether the FLSA prohibited its conduct. *Adams*, 242 F.R.D. at 542 (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 134 (1988)).

The Ninth Circuit has recognized that a district court may equitably toll the § 255(a)'s statute of limitations in narrow circumstances. *Partlow*, 645 F.2d at 760; *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1039 (9th Cir. 2013) (acknowledging that § 255(a) can be equitably tolled). Nevertheless, equitable tolling "only applies in rare situations." *Cranney v. Carriage Servs., Inc.*, 559 F. Supp. 2d 1106, 1108 (D. Nev. 2008) (citing *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996)). The Ninth Circuit has allowed equitable tolling in two generally distinct situations: (1) when the plaintiffs are prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant; or (2) when extraordinary circumstances beyond plaintiffs' control make it impossible to file the claims on time. *Alvarez-Machain*, 107 F.3d at 701; *see also Lozano v. Montoya Alvarez*, 572 U.S. ----, 134 S. Ct. 1224, 1231–32 (2014) ("As a general matter, equitable tolling pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action.")

Here, the Court finds that equitable tolling of the statute of limitations is not warranted. The Court heard and decided the Motion in a little over six weeks from initial filing, which includes the stipulated two-week extension for Defendants to file a Response to the Motion.

Nothing in the record suggests that Defendants engaged in any improper conduct or that circumstances beyond Plaintiffs control make it impossible to file claims in a timely manner. The Court therefore denies Plaintiffs' request for equitable tolling.

### IV.     NOTICE OF PENDENCY OF FLSA ACTION

If a district court finds that named plaintiffs have established that they are "similarly situated" to a proposed collective action group of potential plaintiffs, the court may, in its discretion, authorize the named § 216(b) plaintiffs to send notice to all of the potential plaintiffs and may set a deadline for those plaintiffs to "opt-in" to the suit. *Edwards*, 467 F. Supp. 2d at 989 (citing *Hoffman-La Roche*, 493 U.S. at 169). Court-supervised notice of pendency of § 216(b) actions "serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." *Hoffman-La Roche*, 493 U.S. at 172. While there are no strict guidelines for the form and content of the notification, district courts "must be scrupulous to respect judicial neutrality . . . and must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Id*. at 174.

Because a collective has been conditionally certified, the Court finds that notice to potential opt-in plaintiffs is appropriate. At the hearing the court gave the parties until August 7, 2015, to meet and confer and agree on a draft the proposed notice in accordance with the Court's directions at the hearing. Defendants must provide Plaintiffs' counsel with the names, addresses, phone numbers and email addresses (if available) of all members of the conditionally certified class within 30 days unless good cause is shown why additional time is required. The notice shall contain a provision informing potential opt-in plaintiffs that the Court may allow some limited discovery and may require a limited number of opt-in plaintiffs to participate in written discovery and appear for deposition under oath. Defendants will be required to post the notice in a conspicuous place in the workplace where limousine drivers congregate, and Plaintiffs' counsel shall circulate the notice by mail. Plaintiffs' counsel shall be required to provide each plaintiff that opts-in with a preservation letter advising them of their legal obligation to preserve documents to the extent they have them. The potential collective members will have a 60-day opt-in period.

6

Accordingly,

**IT IS ORDERED:**

1. Plaintiffs Willie Thurmond and David Thomas' Motion for Circulation of Notice of the Pendency of this Action (Dkt. #10) is GRANTED in part and DENIED in part. A collective action is conditionally certified and notice of pendency shall be given to limousine drivers employed by Presidential Limousine between April 22, 2012, and the present who worked in excess of 40 hours per week and were not paid overtime.
2. Defendants shall have until August 28, 2015 to serve Plaintiff with the names, addresses, phone numbers and email addresses (if available) of putative opt-in Plaintiffs.
3. The request to conditionally certify a minimum wage and/or tip sharing class is DENIED.
4. Plaintiffs' request for equitable tolling is DENIED.
5. Any other request for relief not addressed in this order is DENIED.

Dated this 18th day of August, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE