Anthony L. Hall, Esq.
Nevada Bar No. 5977
ahall@hollandhart.com
R. Calder Huntington, Esq.
Nevada Bar No. 11996
rchuntington@hollandhart.com
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
(702) 669-4600
(702) 669-4650 – fax
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WILLIE THURMOND and DAVID THOMAS, Individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PRESIDENTIAL LIMOUSINE, PRESIDENTIAL LIMOUSINE, a Nevada corporation, and PRESIDENTIAL LIMOUSINE CONCIERGE SERVICE, INC., and BRENT J. BELL,<br><br>Defendants. | CASE NO.: 2:15-cv-01066-MMD-PAL<br><br><br>**STIPULATED PROTECTIVE ORDER [PROPOSED]** |

In order to protect the confidentiality of confidential information obtained by the parties in connection with this case, the parties hereby agree as follows:

1. Any party or non-party may designate as "confidential" (by stamping the relevant page or otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets, or confidential business or financial information, subject to protection under the Federal Rules of Civil Procedure or Nevada law ("Confidential Information"). Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated. This protective order does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited

information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. A party or non-party may designate information disclosed during a deposition or in response to written discovery as "confidential" by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally a party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "confidential" information.

Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraph 8 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 8 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

3. All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case, and will not be used or disclosed outside the context of this litigation.

4. An inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

5. Except with the prior written consent of other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

(a) counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

      (b)      employees of such counsel;

      (c)      individual defendants, class representatives, class members, any officer or employee of a party, to the extent deemed necessary by Counsel for the prosecution or defense of this litigation;

      (d)      consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information and provided that if the party chooses a consultant or expert employed or formally employed by any Defendants or one of Defendants' competitors in the Nevada limousine transportation business, the party shall notify the opposing party, or designating non-party, before disclosing any Confidential Information to that individual and shall give the opposing party an opportunity to move for a protective order preventing or limiting such disclosure;

      (e)      any authors or recipients of the Confidential Information;

      (f)      the Court, Court personnel, and court reporters; and

      (g)      witnesses (other than persons described in paragraph 5(e)). A witness shall sign the Certification before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

6.      Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

7.      If Confidential Information, portions of Confidential Information, or information obtained therefrom, is to be filed or lodged with the Court, the party which designated such

information as Confidential Information must seek to file under seal pursuant to Local Rule 10-5. The party seeking to so file or lodge such materials (the "filing party") shall serve the party having designated the material as Confidential Information on the same day as they are so filing or lodging the materials with a declaration identifying the documents or portions containing designated Confidential material. Within seven (7) days of this notification, the designating party must file a motion seeking to establish the material as sealable. If it fails to present a motion within such time frame, the Confidential materials shall be unsealed. Pending determination of any such timely filed motion, the lodged document(s) will be conditionally under seal and their contents not disclosed in any public filing. Upon granting of an Order sealing the record, the Protected Information will be sealed and labeled by the Court clerk. Upon denial of such an Order, the documents may be filed in the public record no earlier than five (5) days after denial of the motion.

8. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or nonparty who designated the material shall have twenty-five (25) days from the receipt of such written notice, inclusive of the meet and confer process under the local rules, to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

9. A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any of its

own information that it has designated as confidential, although a document may lose its confidential status if it is made public.

10. Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) the party or non-party claims that the material is Confidential Information withdraws such designation in writing; or

(b) the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

(c) the Court rules the material is not confidential.

11. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as 'CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order; and

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement.

12. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Any person to whom Confidential Information is disclosed shall be subject to the jurisdiction of the Court for purposes of determining, assuring, and adjudging such person's compliance with this Order. This jurisdiction shall survive the termination of this litigation. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information if the party so requests and pays for the cost of

such return, or (b) destroy such documents and certify in writing within thirty (30) days that the documents have been destroyed.

13. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

14. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection. By entering into this Order, the parties do not waive any right to object to any discovery request, to the admission of evidence on any ground, to seek further protective order, or to seek relief from the Court from any provision of this Order.

15. Disclosure (including production) of any information or document that a party or non-party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the disclosing or producing party would be entitled in this litigation.

16. The receiving party hereby agrees to return, sequester, or destroy any Privileged Information disclosed or produced by disclosing or producing party upon request. If the receiving party reasonably believes that Privileged Information has been inadvertently disclosed or produced to it, it shall promptly notify the disclosing or producing party and sequester such information until instructions as to disposition are received. Upon a request by the disclosing or producing party, a receiving party shall return such Privileged Information within five (5) business days, and shall destroy any notes, work product or electronic files reflecting the contents of such material, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. The failure of any party to provide notice or instructions under this paragraph shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the disclosing or producing party would be entitled in this action. Disclosure of the information or document by the receiving party prior to such work-product or attorney-client privilege designation shall not be deemed a violation

of this order. This order shall not prevent any party from seeking an order compelling production of any document or information designated by another party as protected by the attorney-client privilege or work product doctrine. Paragraphs 15-16 of this Order are governed by Federal Rule of Evidence 502.

17. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

18. This Protective Order may be signed in counterparts, and a fax or "PDF" or digital signature shall have the same force and effect as an original ink signature.

DATED this 12th day of February, 2016.          DATED this 12th day of February, 2016.

/s/ Dana Sniegocki, Esq.                         /s/ Anthony L. Hall, Esq.
Leon Greenberg, Esq.                             Anthony L. Hall, Esq.
Dana Sniegocki, Esq.                             R. Calder Huntington, Esq.
LEON GREENBERG PROFESSIONAL                      HOLLAND & HART LLP
CORPORATION                                      9555 Hillwood Drive, 2nd Floor
2965 South Jones Blvd., Ste. E3                  Las Vegas, Nevada 89134
Las Vegas, Nevada 89146
                                                 Attorneys for Defendants
Richard Segerblom, Esq.
Law Office of Richard Segerblom, Ltd.
700 S. 3rd St.
Las Vegas, Nevada 89101

Attorneys for Plaintiffs

**IT IS SO ORDERED:**

_____
UNITED STATES DISTRICT/MAGISTRATE JUDGE

DATED: February 22, 2016

# EXHIBIT "A"

## CERTIFICATION

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, in *Thurmond, et al. v. Presidential Limousine, et al.*, Civil Case No.: 2:15-cv-01066-MMD-PAL (D. Nev.). I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information - including copies, notes or other transcriptions made therefrom – to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District for the purpose of enforcing the Protective Order.

DATED: _____

_____

_____
(Printed Name)

8481919_1