# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIE THURMOND and DAVID THOMAS, Individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PRESIDENTIAL LIMOUSINE, PRESIDENTIAL LIMOUSINE, A NEVADA CORPORATION, and PRESIDENTIAL LIMOUSINE CONCIERGE SERVICE, INC., and BRENT J. BELL,<br><br>Defendants. | CASE NO.: 2:15-cv-01066-MMD-PAL<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT** |

On January 4, 2019, the Court considered the parties' Joint Motion for an Order Granting Final Approval to Class Action Settlement; Approving Payment of the Settlement Administrator's Fees; and Entering a Final Judgment, the Court also hearing at that time the Plaintiffs' Counsel's Unopposed Motion for Order Granting Proposed Award of Attorneys' Fees and Costs and Approval of Named Plaintiff Service Awards. The Court finds and orders as follows:

1. For the purposes of this Order, the Court adopts all defined terms as set forth in the Stipulation of Settlement ("Stipulation"), previously filed with this Court.

2. This Court has jurisdiction over the subject matter of this litigation and personal jurisdiction over the named-plaintiffs, all Class members, and Defendants.

3. The Court finds that the distribution of the Notice of Settlement of Class and Collective Action ("Notice") which was carried out pursuant to the Stipulation, constituted the best notice practicable under the circumstances and fully satisfies the
1

requirements of Fed. R. Civ. P. 23, the Fair Labor Standards Act (the "FLSA"), and any other applicable law.

4. Pursuant to Fed. R. Civ. P. 23(e) and the FLSA, the Court grants final approval of this settlement and finds that the settlement is fair, reasonable, and adequate in all respects, including the attorneys' fees, costs, and Class Representative Service awards provisions. The Court specifically finds that the settlement confers a substantial benefit to settlement class members, considering the strengths and weaknesses of Plaintiff's claims and the risk, expense, complexity, and duration of further litigation.

5. The response of the class supports settlement approval. The Court finds that zero (0) Class Members have objected to the Settlement. Three (3) Class Members have requested exclusion from the Settlement. Those persons are identified in the Declaration of the Settlement Administrator on file with the Court as Eleanor M. Miller, Douglas J. Vincent, and Bryant Odis Johnson. Such persons are not subject to any of the provisions of the Settlement. Further, Bryant Odis Johnson, as a prior FLSA consent filer plaintiffs has excluded himself from this case and is dismissed from this case and granted leave to recommence his FLSA claims in a new lawsuit. Such new lawsuit, if it is filed within 60 days from this Order, shall be deemed commenced for Bryant Odis Johnson for statute of limitations purposes on the date that he filed his FLSA consent to joinder in this case. Nearly 34% of the Class has filed timely and valid claims. These 129 individuals have claimed, and will be paid, approximately $78,965.68 from the Settlement Fund.

6. The Court finds that the Stipulation was the product of protracted, arm's length negotiations between experienced counsel representing the interests of both sides, which supports approval of the settlement in accordance with the standards set forth in the joint motion for final approval of settlement.

7. The Court confirms the appointment of Leon Greenberg and Dana Sniegocki of Leon Greenberg Professional Corporation as class counsel for the

settlement class and approves their requests for attorneys' fees of $94,000.00 and an expenses payment of $9,039.55 from the Settlement Fund for their services on behalf of the Plaintiffs and the Class. The Court finds that the foregoing awards from the Settlement Fund are fair and proper for the reasons detailed in the declaration of Plaintiffs' Counsel submitted to this Court.

8. The Court also finds that Simpluris as Claims Administrator shall be paid an award for Administration Costs of $7,815.00 for administering the Settlement in this matter.

9. The Court confirms the appointment of Willie Thurmond and David Thomas as the Class Representatives. It also approves and directs the payment of $5,000 to each of them, to be paid from the Settlement Fund, as Class Representative Service Awards for prosecuting this case successfully and securing the recovery for the Class and such awards shall be so paid as set forth in the Stipulation.

10. Except as stated in this Order, all other terms of the Settlement will remain as stated in the Stipulation and all accompanying documents and the Orders of this Court.

11. The Court directs the parties to effectuate the settlement terms as set forth in the Stipulation and the Claims Administrator to calculate and pay the claims of the class members in accordance with the terms set forth in the Stipulation.

12. Upon entry of this Order this case will have resulted in a Final Judgment in respect to all claims and all parties and the Complaint will be dismissed with prejudice.

///

///

///

///

///

This Court will retain jurisdiction for purposes of enforcing this Settlement, including payment of the settlement fund, addressing settlement administration matters, and addressing such post-judgment matters as may be appropriate under court rules or applicable law.

**IT IS SO ORDERED**

DATED: January 4, 2019.

_____
HON. MIRANDA M. DU
DISTRICT JUDGE